IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATRICE RHYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 631 |
| | ) | |
| CITY OF WAUKEGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

**BACKGROUND**

On January 30, 2009, at approximately 1:52 p.m., Plaintiff Katrice Rhyan (Rhyan) allegedly exited the house of a friend in the City of Waukegan, Illinois (City). When Rhyan got into her vehicle, her vehicle was allegedly immediately surrounded by three police cars occupied by the individual Defendants (Defendant Officers), who were police officers for the City. Rhyan contends that one of Defendant Officers asked her to exit her vehicle and she complied. When one of

1

Defendant Officers attempted to search Rhyan, she allegedly requested a female officer to search her. According to Rhyan, one of the Defendant Officers continued to search her. Rhyan contends that she was thrown to the ground and held down by two Defendant Officers while another Defendant Officer sprayed pepper spray in her face. Rhyan was allegedly then arrested and taken to the City.

Rhyan includes in her amended complaint claims alleging excessive force brought pursuant to 42 U.S.C. § 1983 (Section 1983), assault and battery claims (Count II), Section 1983 false arrest and illegal imprisonment claims (Count III), a Section 1983 *Monell* claim (Count IV), and willful and wanton conduct claims (Count V). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Facts Beyond the Scope of the Pleadings

Defendants contend that Rhyan improperly seeks to have the court consider facts included in her response to the instant motion that are not included in the amended complaint. In ruling on a Rule 12(b)(6) motion, a court cannot consider materials outside the pleadings unless the court converts the motion into a motion for summary judgment and provides the parties with an opportunity to file additional documents. *See Loeb Industries, Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002)(stating that "Rule 12(b) requires that if the district court wishes to consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof"). We agree that Rhyan has raised additional facts in her response to the instant motion that were not

included in the amended complaint. For example, Rhyan contends in her response that she was a "17-year old, female high school student of a petite build," and that there was no justification for the alleged force used by Defendant Officers who were "fully grown men." (Ans. 4). Although Rhyan has introduced new facts in her response, we will not consider such facts in ruling on the instant motion. Our ruling will be confined to a consideration of the facts alleged in the amended complaint.

II. Excessive Force Claims

We initially note that although Defendants move to dismiss all claims in the amended complaint, Defendants have put forth no arguments concerning the excessive force claims included in the amended complaint. Rhyan indicates in the amended complaint that she is bringing Section 1983 claims and that one of the basis for such claims is the alleged force used by Defendant Officers in arresting Rhyan, which she contends "was unnecessary, unreasonable and excessive." (A. Compl. Par. 18). An excessive force claim is a valid, recognized Section 1983 claim. *See, e.g., Gonzalez v. City of Elgin*, 578 F.3d 526, 541 (7th Cir. 2009)(explaining that "[a] seizure for purposes of the Fourth Amendment is unreasonable if it is accomplished through the use of excessive force"). Although Rhyan has not included a specific count entitled "Section 1983 excessive force claims" in the amended complaint, there

is nothing that requires her to provide separate counts or titles for each claim under the federal pleading standard. Regardless, it appears that Count I, which incorporates the facts concerning the alleged use of excessive force, would constitute a separate count encompassing Section 1983 excessive force claims. Defendants have not set forth any arguments concerning why Rhyan's list of facts included in the amended complaint involving her alleged restraint and subjection to pepper spray would not at least state a claim for a Section 1983 excessive force claim. Under Rhyan's alleged facts, which we must accept as true at the pleadings stage, Rhyan has alleged facts relating to unjustified force against her. The unnecessary and unprovoked usage of pepper spray can form the basis for a Section 1983 excessive force claim. *See, e.g., Gonzalez*, 578 F.3d at 541 (stating that "it is clearly established that officers may not, without provocation, start beating, pepper-spraying, kicking, and otherwise mistreating people"). While Defendants may be able to provide a valid justification for the actions of Defendant Officers, we cannot consider such facts outside the pleadings at this juncture. *See McDonald by McDonald v. Haskins*, 966 F.2d 292, 295 (7th Cir. 1992)(explaining that at the motion to dismiss stage a court is "limited to looking at the plaintiff's pleadings taken as true, without the additional fact development of a summary judgment procedure"). Therefore, we deny the motion to dismiss the Section 1983 excessive force claims. We note that at the summary

judgment stage, Rhyan cannot merely rely upon the allegations in her amended complaint, and will need to point to sufficient evidence to support her excessive force claims.

III.  Assault and Battery Claims

Defendants argue that the assault and battery clams are barred by the Illinois Tort Immunity Act.  The Illinois Tort Immunity Act protects "public employees from liability for actions committed 'in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.'"  *Chelios v. Heavener*, 520 F.3d 678, 692-93 (7th Cir. 2008)(quoting 745 ILCS 10/2-202).  Defendants contend that Rhyan has failed to allege willful and wanton conduct in this action.  Willful and wanton conduct includes "'actual or deliberate intention to harm or with an utter indifference to or conscious disregard for the safety of others.'"  *Chelios*, 520 F.3d at 693 (quoting in part *Breck v. Cortez,* 490 N.E.2d 88, 94 (Ill. App. Ct. 1986)).  Willful and wanton conduct is deemed to be "'more than mere inadvertence, incompetence, or unskillfulness. . . .'"  *Chelios*, 520 F.3d at 693 (quoting in part *Carter v. Chi. Police Officers,* 165 F.3d 1071, 1080-81 (7th Cir. 1998)(stating that willful and wanton conduct "may be an act committed under circumstances exhibiting a reckless disregard for the safety of others").  In the instant action, at the

pleadings stage, the court must accept as true Rhyan's alleged facts, and the court must confine its consideration of facts to those included in the pleadings. *See, e.g., Haskins*, 966 F.2d at 295. Rhyan contends that she exited her friend's home and, upon entering her vehicle, she was surrounded by Defendant Officers. She contends that when she asked for a female officer to conduct the search of her person, Defendant Officers threw her to the ground, physically restrained her and sprayed her in the face with pepper spray. Finally, Rhyan contends that she was arrested and taken into custody. There are no facts alleged in the amended complaint that would indicate a provocation on the part of Rhyan that would have justified the alleged physical response and arrest by Defendant Officers. Although Defendants may be able to put forth different facts or additional facts that explain a valid basis for Defendant Officers' actions and for the arrest of Rhyan, the court at the pleadings stage cannot consider such facts. Rhyan has put forth facts, when viewed in isolation, that could plausibly indicate a deliberate intention to harm Rhyan or at least a reckless disregard for her safety. Therefore, we deny the motion to dismiss the assault and battery claims. We note, however, that at the summary judgment stage, Rhyan cannot merely rely upon the allegations in her amended complaint, and Rhyan will need to point to sufficient evidence to show that Defendant Officers engaged in willful and wanton conduct.

IV. False Arrest and Illegal Imprisonment Claims

Defendants contend that Rhyan has failed to state a false arrest claim or an illegal imprisonment claim because Rhyan has not specifically alleged that Defendant Officers lacked probable cause. The existence of probable cause on the part of law enforcement officers is an absolute defense to a Section 1983 false arrest or illegal imprisonment claim. *Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir. 1991). In the instant action, as indicated above in regard to the assault and battery claims, when viewing the facts alleged by Rhyan in isolation, there does not appear to be any justification for the alleged response by Defendant Officers to subdue Rhyan or to arrest her. Rhyan is not required, as Defendants propose, to specifically state that Defendant Officers "lacked probable cause." In fact, such a boilerplate conclusion of law, should be disregarded under the federal pleading standard. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)(stating that for 12(b)(6) analysis a court need not accept as true legal conclusions or conclusory legal recitations). Rhyan has alleged sufficient facts to state valid false arrest claims and illegal imprisonment claims. Therefore, we deny the motion to dismiss the false arrest and illegal imprisonment claims. We note, however, that at the summary judgment stage, Rhyan cannot merely rely upon the allegations in her amended complaint, and Rhyan will need to point to sufficient evidence to support her false arrest and illegal

imprisonment claims.

V. Willful and Wanton Conduct Claims Brought Against Defendant Officers

Defendants argue that Rhyan has failed to allege facts to state claims against Defendant Officers based on willful and wanton conduct. As indicated above in regard to the assault and battery claims, Rhyan has put forth sufficient facts, when viewed as true at the pleadings stage, to plausibly suggest willful and wanton conduct by Defendant Officers. Therefore, we deny the motion to dismiss the willful and wanton conduct claims brought against Defendant Officers. We note however, that we are merely ruling that Rhyan has included sufficient facts in her amended complaint to indicate willful and wanton conduct on the part of Defendant Officers. Defendants have not yet addressed, and we have not yet ruled on, the issue of whether Rhyan can bring a valid independent tort claim in this case under Illinois law based solely on willful and wanton conduct. *See, e.g., Remblake v. County of Will*, 2010 WL 3732146, at *2 (N.D. Ill. 2010)(stating that the plaintiff failed "to cite any Seventh Circuit precedent or any Illinois state court ruling that recognizes an independent claim for willful and wanton misconduct").

## VI. *Monell* Claim

Defendants contend that Rhyan has failed to state a valid *Monell* claim. For a *Monell* claim, a plaintiff must establish "that his constitutional injury was caused 'by (1) the enforcement of an express policy of the [village], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority.'" *Wragg v. Village of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2010)(quoting in part *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001)). In the instant action, Defendants argue that "the complaint makes no reference to what 'policies or customs' are referred to" by Rhyan. (Mot. 5). However, Rhyan indicates in the amended complaint more than mere allegations that City policies and customs caused the alleged constitutional deprivations. For example, Rhyan alleges that "[i]t was the policy and/or custom of the City . . . to inadequately supervise and train is police officers," that led to the alleged constitutional deprivations, such as the alleged use of force that was beyond that which was reasonable and necessary. (A. Compl. Par. 33-38). At the pleadings stage Rhyan has provided sufficient allegations, when accepted as true, to state a *Monell* claim, and therefore, we deny the motion to dismiss the *Monell* claim. We note, however, that at the summary judgment stage, Rhyan cannot merely rely upon the allegations in her amended complaint, and Rhyan will need to point to sufficient

evidence to support a *Monell* claim.


VI.  Willful and Wanton Conduct Claim Brought Against City

Defendants argue that the willful and wanton conduct claim brought against the City should be dismissed since Rhyan seeks punitive damages against the City, which are barred under Illinois law.  Rhyan concedes in her response to the instant motion that she cannot recover punitive damages against the City.  (Ans.  10).  Therefore, we grant Defendants' motion to dismiss the willful and wanton conduct claim brought against the City, to the extent that Rhyan seeks punitive damage.  Defendants have provided no argument concerning why the claim should be dismissed to the extent that Rhyan seeks other relief, such as compensatory damages, and we deny the motion to dismiss the willful and wanton conduct claim brought against the City as to other relief, such as compensatory damages.  Also, as indicated above in regard to the willful and wanton conduct claims brought against Defendant Officers, the parties have not yet addressed, and the court has not ruled on, the issue of whether Rhyan can base an independent tort claim in this case solely on willful and wanton conduct.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the willful and wanton conduct claim brought against the City to the extent that Rhyan seeks punitive damages, and we deny the remainder of Defendants' motion to dismiss.

 

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  December  9, 2010