IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATRICE RHYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 631 |
| | ) | |
| CITY OF WAUKEGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion for summary judgment. For the reasons stated below, the partial motion for summary judgment is granted.

BACKGROUND

On January 30, 2009, at approximately 1:52 p.m., Plaintiff Katrice Rhyan (Rhyan) allegedly exited the house of a friend in the City of Waukegan, Illinois (City). When Rhyan got into her vehicle, her vehicle was allegedly immediately surrounded by three police cars occupied by the individual Defendants (Defendant Officers), who were police officers for the City. Rhyan contends that one of Defendant Officers asked her to exit her vehicle and she complied. When one of

1

Defendant Officers attempted to search Rhyan, she allegedly requested that a female officer search her. According to Rhyan, one of the male Defendant Officers continued to search her. Rhyan contends that she was thrown to the ground and held down by two Defendant Officers while another Defendant Officer sprayed pepper spray in her face. Rhyan was allegedly then arrested and taken to a City police station.

Rhyan includes in her amended complaint claims alleging excessive force brought pursuant to 42 U.S.C. § 1983 (Section 1983), assault and battery claims (Count II), Section 1983 false arrest and illegal imprisonment claims (Count III), a Section 1983 *Monell* claim (Count IV), and willful and wanton conduct claims (Count V). Defendants moved to dismiss all claims and this court granted Defendants' motion to dismiss the willful and wanton conduct claim brought against the City to the extent that Rhyan seeks punitive damages, and this court denied the remainder of Defendants' motion to dismiss. Defendants now move for summary judgment on Counts IV and V.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a

"metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Defendants move for summary judgment on the Section 1983 *Monell* claim in Count IV and on the willful and wanton conduct claims in Count V.

I. Local Rule 56.1

Defendants filed a statement of material facts with the instant motion. Rhyan has filed a response to the instant motion, but has not filed a response to Defendants' statement of facts. Pursuant to Local Rule 56.1, the facts included in Defendants' statement of material facts are deemed to be undisputed for the purposes of the instant motion. LR 56.1; *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)(stating that "[w]hen a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by [Local Rule 56.1],

3

those facts are deemed admitted for purposes of the motion"). In addition, although under Local Rule 56.1, Rhyan was allowed to file her own statement of additional material facts, she did not file any statement of additional facts.

II. *Monell* Claim

Defendants move for summary judgment on the Section 1983 *Monell* claim, arguing that there is insufficient evidence to support a *Monell* claim. In accordance with *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), "[a] village or other municipality may be found liable under § 1983 when it violates constitutional rights via an official policy or custom." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). In order to show the existence of "an official policy or custom, a plaintiff must show that his constitutional injury was caused 'by (1) the enforcement of an express policy of the [municipal entity], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority.'" *Id.* (quoting *Latuszkin v. City of Chicago,* 250 F.3d 502, 504 (7th Cir. 2001)).

In the instant action, Rhyan alleged in her amended complaint that the City developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City. (A. Compl. Par. 34). Rhyan also alleged that it was the policy and/or custom of the City to inadequately and improperly investigate citizen complaints about police misconduct, and to inadequately supervise and train City police officers. (A. Compl. Par. 35-36).

4

However, Rhyan can no longer rest upon mere allegations at the summary judgment stage. *See, e.g., Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010)(explaining that the Court "often call[s] summary judgment, the 'put up or shut up' moment in litigation. . . by which [the Court] mean[s] that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case. . .[a]nd by evidence, [the Court] mean[s] evidence on which a reasonable jury could rely"); *Everroad v. Scott Truck Systems, Inc.* 604 F.3d 471, 476 (7th Cir. 2010)(stating that "[s]ummary judgment proceedings provide the 'put up or shut up' moment in litigation"). As indicated above, the only Local Rule 56.1 statement of facts filed with the court is the one filed by Defendants. The court has reviewed the facts and the portions of the record and discovery materials provided by Defendants with their filings. The facts included in Defendants' statement of facts do not indicate that a policy or custom was responsible for the alleged constitutional violations in this action. The facts indicate the contrary. For example, pursuant to Local Rule 56.1, it is undisputed that "[o]n the date of the incident, there was a General Order in place in the Waukegan Police Department. . . stating its policy on the use of force," and "stating its policy on the Rules of Conduct for Sworn Personnel." (SF Par. 10-11).

The entirety of Rhyan's argument in response to Defendants' motion for summary judgment on the *Monell* claim is that Rhyan "does not have to prove a Section 1983 *Monell* claim against the City until trial of the case," that "[t]he plaintiff has a right to prove its case and allegations at trial," and that "[t]here are

5

genuine issues as to material facts in the instant case, and, therefore, the Plaintiff's motion for summary judgment should be denied." (Ans. 2). A plaintiff does not have to provide sufficient evidence prior to trial to show by a preponderance of the evidence that the plaintiff should prevail on the merits of her *Monell* claim. *See, e.g., Ponsetti v. GE Pension Plan*, 614 F.3d 684, 695 n.5 (7th Cir. 2010)(referring to the preponderance of evidence standard generally applied in civil actions). However, Rhyan is required at the summary judgment stage to point to sufficient evidence that shows that a reasonable jury could rule in her favor without speculating in the absence of evidence. Federal Rule of Civil Procedure 56 makes clear that, at the summary judgment stage, a plaintiff can no longer rely on the allegations in her complaint and must point to evidence to support the claim and show that there is a "genuine dispute as to [a] material fact. . . . ." Fed. R. Civ. P. 56(a),(c). Thus, Rhyan is not correct to the extent that she contends that she can defer supplying any proof for her case until a trial, since at the summary judgment stage she is required to point to sufficient evidence "that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Finally, Rhyan's statement that there are "genuine issues as to material facts in the instant case" is a conclusory assertion. (Ans. 2). Rhyan has not identified the supposed genuine issues of material fact or pointed to evidence that shows that to be the case. A review of the record fails to show that there is any genuine issue of material fact in regard to the *Monell* claim and therefore, Defendants' motion for summary judgment on the *Monell* claim (Count IV) is granted.

III. Willful and Wanton Conduct Claims

Defendants move for summary judgment on the willful and wanton conduct claims (Count V). In denying in part Defendants' motion to dismiss, this court noted that Defendants had not yet addressed the issue of whether Rhyan can bring a valid independent tort claim in this case under Illinois law based solely on willful and wanton conduct. (12/910 MO 11). Defendants now argue in the instant motion that Illinois courts have not recognized an independent tort based solely on willful and wanton conduct. The Illinois Supreme Court has indicated that there is no such independent tort. *See, e.g., Remblake v. County of Will*, 2010 WL 3732146, at *2 (N.D. Ill. 2010)(quoting *Ziarko v. Soo Line R. Co.*, 641 N.E.2d 402, 406 (Ill. 1994) for the proposition that "[t]here is no separate and independent tort of 'willful and wanton' misconduct"). Rhyan merely responds to the instant motion by asserting that the conduct "alleged in Count V may be considered willful and wanton" and that "at trial," it will be "up to a jury" to make such a determination. (Ans. 2). Rhyan does not point to any precedent recognizing an independent tort based solely on willful and wanton conduct or point to evidence that supports her allegations of such conduct. Rhyan cites *Murray v. Chicago Youth Center*, 864 N.E.2d 176 (Ill. 2007) in which the Court held that there were factual disputes at the summary judgment stage regarding whether Defendants engaged in willful and wanton conduct. *Id.* at 179. However, *Murray* is not applicable in this case for several reasons. First, the procedural rules regarding the instant motion are governed by the Federal Rules of Civil Procedure and federal caselaw. Thus, to determine what is deemed to be a

7

genuine issue of material fact is not governed by state law. Second, unlike in *Murray*, Rhyan has not pointed to any evidence in response to the instant motion for summary judgment to show that there exists a genuine issue of material fact regarding willful and wanton misconduct. Rather, Rhyan simply points to the allegations in her amended complaint. Third, the plaintiff in *Murray* brought personal injury claims against defendants and the court merely addressed whether there was willful and wanton conduct on the issue of immunity and not on the issue of whether such conduct itself formed an independent tort. *Id.* at 216, 233. Therefore, based on the above, Defendants' motion for summary judgment on the willful and wanton conduct claims (Count V) is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion for summary judgment on the *Monell* claim (Count IV), and the willful and wanton conduct claims (Count V) is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 25, 2011